IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ROY LEE McATEER, #147346,        )
                                 )
      Petitioner,                )
                                 )
v.                               )        CASE NO. 2:11-CV-57-WHA
                                 )               [WO]
                                 )
J. C. GILES,  et al.,            )
                                 )
      Respondents.               )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Roy Lee McAteer [ "McAteer"], a state inmate, on January 19, 2011. In this petition, McAteer challenges the revocation of his probation by the Circuit Court of Montgomery County, Alabama on November 6, 2008.  In their answers, the respondents assert that McAteer has failed to exhaust state remedies with respect to each of the claims presented in the instant habeas petition.  Specifically, the respondents maintain that McAteer may proceed on the claim he was denied a probation revocation hearing and his allegation that he was not advised of his right to revocation counsel in the Rule 32 petition currently pending before the Circuit Court of Montgomery County, Alabama.

Upon review of the respondents' answers, the court entered an order affording McAteer an opportunity to demonstrate why this petition should not be dismissed for his failure to exhaust state remedies.  *Order of March 11, 2011 - Court Doc. No. 22.*  In his

responses to this order, McAteer concedes the pendency of a Rule 32 petition and, consequently, his failure to exhaust available state court remedies. *Petitioner's March 31, 2011 Response - Court Doc. No. 23* at 1-2; *Petitioner's April 7, 2011 Response - Court Doc. No. 26* at 1. McAteer initially requests that this court ignore his failure to exhaust state remedies and undertake determination of the issues presented in the instant habeas petition because (1) the probation revocation is void due to his actual innocence of the charges lodged against him, *Petitioner's March 31, 2011 Response - Court Doc. No. 23* at 2; (2) the claims raised in the habeas petition entitle him to relief, *id.*; and (3) the state court has not yet issued rulings on motions recently filed in the Rule 32 action. *Petitioner's April 7, 2011 Response - Court Doc. No. 26* at 2-4. However, on April 28, 2011, McAteer filed a "Request for Dismissal of Proceedings" in which he seeks dismissal of this case so that he may "make the effort to allow the state courts to address his claims." *Court Doc. No. 27*. The court construes this document as a motion to dismiss.

## DISCUSSION

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..." 28 U.S.C. § 2254(1)(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). It is

undisputed that McAteer has not yet exhausted his available state court remedies with respect to each of the claims presented in the instant petition for habeas corpus relief.  This court does not deem it appropriate to rule on the merits of McAteer's claims without first requiring that he exhaust available state remedies.  28 U.S.C. § 2254(1)(b)(2).  Moreover, it does not appear that a stay of this case is warranted pending the outcome of the state court proceedings as there is nothing before this court which indicates the requisite "good cause for the petitioner's failure to exhaust his claims first in state court."  *Rhines v. Weber*, 544 U.S. 269, 277, 125 S.Ct. 1528, 1535 (2005).

In light of the foregoing, the Magistrate Judge concludes that McAteer's motion to dismiss is due to be granted and the petition for habeas corpus relief should be dismissed without prejudice to allow McAteer the opportunity to pursue those state court remedies available to him.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion to dismiss filed by the petitioner be GRANTED.

2. The petition for habeas corpus relief be denied.

3. The petition be dismissed without prejudice to afford the petitioner an opportunity to exhaust all available state court remedies.

It is further

ORDERED that on or before May 17, 2011, the parties may file objections to the

Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 3rd day of May, 2011.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE